# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02622-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| SERGEANT BRODNAX, OFFICER STAPLES, AND LIEUTENANT HOLMES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff Marcus Dotson[1] filed a pro se complaint under 42 U.S.C. § 1983 over his previous detention at the Shelby County Jail ("SCJ"). (Complaint ("Compl."), ECF No. 1.) He also moved to proceed in forma pauperis. (Motion ("Mot."), ECF No. 2.) Plaintiff's in forma pauperis motion was incomplete, so the Court ordered Plaintiff to comply with 28 U.S.C. § 1915(a)(2) or pay the full $400 civil filing fee. (Order, ECF No. 4.) Plaintiff eventually complied with the requirements of § 1915(a)(2). (*See* Notice, ECF No. 9.) The Court then granted Plaintiff leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b). (Order, ECF No. 6.)

---

[1] Plaintiff, Bureau of Prisons register number 29750-076, is an inmate at the Federal Corrections Institution in Forrest City, Arkansas ("FCI Forrest City").

The Court now orders the Clerk to record the Defendants as Sergeant First Name Unknown ("FNU") Brodnax ("Sgt. Brodnax"); Corrections Officer FNU Staples ("Officer Staples"); and Lieutenant FNU Holmes ("Lt. Holmes").

## BACKGROUND

Plaintiff alleges that he requested the officers move him and that Lt. Holmes denied that request. (Compl., ECF No. 1 at PageID 2.) Then Officer Staples sprayed Plaintiff with "Freeze" spray, by order of Sgt. Brodnax. (*Id.*) Plaintiff claims that he requested a move because he feared for his safety in 4-F pod. (*Id.*) According to Plaintiff, Lt. Holmes had lost Plaintiff's shoes earlier in the week and was angry at him for an unspecified reason. (*Id.*) Plaintiff also alleges that Sgt. Brodnax had just moved him from the 4-E pod because Plaintiff had asked when they were going to fix the phones. (*Id.*) Plaintiff states that he "feel[s] like a lot of violence was used again[st] me." (*Id.*)

As relief, Plaintiff wants "these officer's (sic) to know" that their actions will not be tolerated and that they cannot use cruel and unusual punishment "when it isn't needed." (*Id.* at PageID 3.) Plaintiff states he intends to contact the American Civil Liberties Union ("ACLU") about the use of excessive force and the verbal abuse inflicted by staff on inmates at SCJ, as well as inadequate medical treatment and deprivation of due process—issues not elsewhere discussed in the complaint. (*Id.*)

## LEGAL STANDARDS

### I. Twenty-eight U.S.C. § 1915A Screening Requirements

The Court must screen prisoner complaints and to dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8, Rule 8(a) requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

The Court will give slightly more deference to pro se complaints. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**II.     Requirements to State a Claim Under 42 U.S.C. § 1983**

Plaintiff filed his complaint under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

**I.     The Claims Against the Individual County Defendants in Their Official Capacities Fail to Allege the Presence of a Municipal Custom or Policy**

If Plaintiff seeks to sue Sgt. Brodnax, Officer Staples, and Lt. Holmes in their official capacities, those claims are against Shelby County. A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality is not responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City*

4

*of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original). Plaintiff does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

## II. Eight Amendment Excessive Force Claim

Plaintiff's allegation that Sgt. Brodnax ordered Officer Staples to spray him with Freeze is construed as a claim of excessive force. At the time of the alleged assault, Plaintiff was a pre-trial detainee whose protection against excessive force is based on the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Courts analyze excessive force claims brought by pretrial detainees under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of these factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive, but it shows some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Plaintiff's allegations, as stated, do not suffice to state a claim for excessive force under the Fourteenth Amendment. Plaintiff alleges the officers sprayed him with Freeze but does not

describe the events surrounding that incident. Plaintiff states that Officer Staples sprayed him by order of Sgt. Brodnax at some point after Lt. Holmes had denied Plaintiff's request to move to a different pod or cell. He states that Lt. Holmes was angry at him but does not suggest a reason for the anger or allege whether Lt. Holmes's feelings related to Sgt. Brodnax spraying Plaintiff with Freeze. The Court cannot determine whether any Defendant's use of force was unreasonable based on the facts as Plaintiff alleges them. In any event, Plaintiff's failure to allege that he suffered any physical injury requires dismissal of his claims under 42 U.S.C. § 1997e(e), which provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." And Plaintiff is no longer at SCJ, and so his sole request for declaratory relief is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

For all the above reasons, Plaintiff's complaint fails to state a claim for relief.

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered

without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). Here, the Court finds that Plaintiff should be allowed to amend his complaint.

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). Leave to amend is, however, GRANTED. Plaintiff has thirty (30) days from entry of this Order to file an amended complaint.

Plaintiff is advised that any amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleading. The Plaintiff must sign the amended complaint and the text of the amended complaint must allege enough facts to support each claim without reference to any extraneous document. Plaintiff must identify any exhibits by number in the text of the amended complaint and must attach those exhibits to the amended complaint. Plaintiff must state each claim for relief in a separate count and must identify each defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss this action, assess a strike under 28 U.S.C. § 1915(g), and enter judgment for Defendants without additional notice.

**SO ORDERED**, this 16th day of April, 2019.

                                      s/Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE